### HENRY WOODS V. THE STATE.

No. 22602. Delivered November 3, 1943.
Rehearing Denied January 5, 1944.

The opinion states the case.

*R. L. Rust,* of Eastland, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of aggravated assault and battery. The punishment assessed is confinement in the county jail for a period of six months and a fine of $150.00.

There are no bills of exception in the record, nor any objections to the court's charge. Consequently, there is nothing presented for review except the sufficiency of the evidence to sustain the conviction. The record shows that appellant and the alleged assaulted party were husband and wife; that they had not been getting along very peacefully for some time prior to the 14th. day of October, 1942, at which time appellant struck his wife on the head with a steel shovel, inflicting painful injuries upon her, as a result of which she was confined in the hospital for about six days, where she received medical attention by an able and competent physician.

Appellant took the witness stand and testified in his own behalf. He stated that he did not at any time strike his wife with a shovel but that she ran into it and thus cut her head.

Appellant filed quite a lengthy motion for new trial in which he claimed that he was denied the right to have and be represented by counsel. The statement in his motion is not supported by the record, which shows that the court appointed counsel, who prepared and filed an application for a suspended sentence and advised appellant of his legal rights in the matter. This was all the attorney was required to do.

Appellant also brings forward a complaint relative to the court's action in overruling a verbal motion for a continuance.

This matter cannot be reviewed inasmuch as it is not made to appear from the record that he complied with all the statutory requirements relating to the application for a continuance. See Article 543, C. C. P.

There are some other matters presented for review by the motion for new trial which were not raised during the trial, hence the same are not properly before us for review.

From what we have said, it follows that the judgment of the trial court should be in all things affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant files a motion for a rehearing in which he alleges many fundamental errors. All of these allegations have been carefully considered, and we find ourselves unable to agree with him on any one of them.

We think this case was properly disposed of in our original opinion. The motion will therefore be overruled.